UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: CV 00-2682 RHK/JMM

| | |
|---|---|
| Kathryn M. Armstrong and David M. Armstrong, on behalf of Themselves and all others similarly situated<br><br>Plaintiffs,<br>vs.<br><br>International Check Services, Inc.,<br><br>Defendant. | **STIPULATION TO AMEND** and ORDER |

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties hereto, by their respective undersigned attorneys, that:

1. Plaintiff will file the attached Amended Complaint amending its claims and factual allegations under the Fair Debt Collection Practices Act.

2. Counsel for Defendant will duly accept service for the Defendant, and said service will be deemed to be personal service upon Defendant.

3. Defendant will have twenty (20) days after service of Plaintiff's Amended Complaint to interpose an Answer or otherwise plead and this stipulation is in no way an admission to the allegations contained in Plaintiff's Amended Complaint; and

4. That this Stipulation is in accordance with Fed.R.Civ.P. 15.

**ATTORNEYS FOR PLAINTIFFS**

By: ______________________
Thomas J. Lyons, Jr.
Attorney I.D. No.: 249646
1560 Beam Avenue, Suite A
Maplewood, Minnesota 55109
Telephone: (651)770-9707

Dated: 4/26/01

**ATTORNEY FOR DEFENDANT**

By: ______________________
Brian Melendez
Attorney I.D. No.:
Faegre & Benson LLP
90 South Seventh Street
Minneapolis, Minnesota 55402-3026

Dated: MAY 2 2001

FILED MAY 18 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

Peter F. Barry
Attorney I.D. No.: 0266577
1560 Beam Avenue, Suite A
Maplewood, Minnesota 55109-1171
Telephone: (651) 714-8800

**ORDER**

Pursuant to the foregoing Stipulation, Plaintiff may serve upon the Defendant the Amended Complaint, which is attached hereto.

LET THE STIPULATION BE ENTERED ACCORDINGLY.

BY THE COURT:

Dated: 5/18/01

Judge Richard H. Kyle
United States District Court

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: CV 00-2682 RHK/JMM**

| | |
|---|---|
| Kathryn M. Armstrong and David M. Armstrong, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>International Check Services, Inc.,<br><br>Defendant. | **AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

1. Plaintiff brings this action alleging that Defendant's debt collection practices violate and misstate Minnesota collection law, resulting in violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et. seq. *See Duffy v. Landberg*, 215 F.3d 871 (8th Cir. 2000); *Picht v. Hawks*, No. 00-1270, slip. op. (8th Cir., January 9, 2001) (Hon. Judge Bowman). In addition, Plaintiff further alleges that Defendant's debt collection practices were abusive and constituted harassment under the FDCPA. Plaintiff also asserts that Defendant's debt collection practices invaded her privacy by intruding upon her seclusion.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d).

## PARTIES

3. Plaintiffs Kathryn M. Armstrong and David M. Armstrong are natural persons who reside in the City of Minneapolis, State of Minnesota, and are "consumer[s]" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant International Check Services, Inc. (hereinafter "ICS") operates a national debt collection agency from an address of 602 North 129th Street, Omaha, Nebraska 68154 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

4. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all consumer debtors in Minnesota who fall within the following class and subclass:

> Persons who have or had received a dunning letter from Defendant from the date of filing of this Complaint through to the present, which is similar or identical to the attached Exhibit 1.
>
> Excluded from this class are: (1) claims by any person or entity who timely opt out of this proceeding; and (2) any person who has given a valid release concerning claims asserted in this suit.

5. The members of the Plaintiffs' class are so numerous that joinder is impracticable. While the exact number of class members is unknown to Plaintiffs at this time and can only be ascertained through discovery, Plaintiffs believe the class to number in excess of 250.

6. Common questions of law and fact exist as to all members of the class and predominate over any questions affecting solely individual members of the class. The primary question is whether Defendant's conduct in connection with the mailing of Exhibit 1 violates the Fair Debt Collection Practices Act - FDCPA.

7. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs are committed to

vigorously litigating this matter so that justice is served.

## FACTUAL ALLEGATIONS

8. On or about June 23, 2000 Plaintiffs wrote a check to a Cub Foods and it was returned for insufficient funds (NSF).

9. The NSF check had been written "primarily for personal, family or household purposes" and is a debt as that term is defined by 15 U.S.C. § 1692a(5). (*See Duffy v. Landberg*, 133 F.3d 1120.)

10. The NSF check was turned over to Defendant to collect the alleged debts from Plaintiffs.

11. On or about July 13, 2000, Defendant sent a dunning collection letter to Plaintiffs. (*See* attached as Exhibit 1.)

12. Exhibit 1 referenced account number 53081048 and attempted to collect a $100.00 civil penalty in violation of Minn. Stat. § 332.50 and 15 U.S.C. § 1692e, 1692e(5), § 1692f and 1692f(1).

13. Exhibit 1 stated that "[i]f this matter remains unresolved after 30 days, then a minimum $100.00 civil penalty may be added to the total amount due pursuant to Minnesota Statute sections 332.50 and 609.535" in violation of Minn. Stat. § 332.50 and 15 U.S.C. § 1692e, 1692e(5) and § 1692f.

14. On or about July 8, 2000 Plaintiffs wrote a check to a Rainbow Foods and it was returned for insufficient funds (NSF).

15. The NSF check was turned over to Defendant to collect the alleged debts from Plaintiffs.

16. On or about July 20, 2000, Defendant sent a dunning collection letter to Plaintiffs. (*See* attached as Exhibit 2.)

17. Exhibit 2 stated that "[i]f this matter remains unresolved after 30 days, then a minimum $100.00 civil penalty may be added to the total amount due pursuant to Minnesota Statute sections 332.50 and 609.535" in violation of Minn. Stat. § 332.50 and 15 U.S.C. § 1692e, 1692e(5) and § 1692f.
18. Exhibits 1 and 2 also fail to provide Plaintiff with the actual amount of the debt in violation of 15 U.S.C. § 1692e, § 1692e(10), § 1692f, § 1692g, and § 1692g(a)(1).
19. On or about July 11, 2000 Plaintiffs wrote a check to a Rainbow Foods and it was returned for insufficient funds (NSF).
20. The NSF check was turned over to Defendant to collect the alleged debts from Plaintiffs.
21. On or about July 25, 2000, Defendant sent a dunning collection letter to Plaintiffs. (*See* attached as Exhibit 3.)
22. Exhibit 3 stated that "[i]f this matter remains unresolved after 30 days, then a minimum $100.00 civil penalty may be added to the total amount due pursuant to Minnesota Statute sections 332.50 and 609.535" in violation of Minn. Stat. § 332.50 and 15 U.S.C. § 1692e, 1692e(5) and § 1692f.
23. On or about July 11, 2000 Plaintiffs wrote a check to Zipps Liquor Inc. and it was returned for insufficient funds (NSF).
24. The NSF check was turned over to Defendant to collect the alleged debts from Plaintiffs.
25. On or about July 25, 2000, Defendant sent a dunning collection letter to Plaintiffs. (*See* attached as Exhibit 4.)
26. Exhibit 4 stated that "[i]f this matter remains unresolved after 30 days, then a minimum $100.00 civil penalty may be added to the total amount due pursuant to Minnesota Statute

sections 332.50 and 609.535" in violation of Minn. Stat. § 332.50 and 15 U.S.C. § 1692e, 1692e(5) and § 1692f.

27. Exhibits 3 and 4 also fail to provide Plaintiff with the actual amount of the debt in violation of 15 U.S.C. § 1692e, § 1692e(10), § 1692f, § 1692g, and § 1692g(a)(1).

28. By attempting to collect a civil penalty, Defendant has violated Minn. Stat. § 332.50, Subd. 2(b)(1) as Defendant is neither a payee nor a holder.

29. As a direct and proximate result of the foregoing acts and omissions of the Defendant, Plaintiffs have suffered actual statutory damages and injuries, including, but not limited to, attorney fees and costs for which they should be compensated in an amount to be proven at trial.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 et seq**

30. Plaintiffs incorporate by reference paragraphs 1 through 23 as though fully stated herein.

31. The foregoing acts and omissions of Defendant constitute violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692a(5), 1692e, 1692e(5), 1692e(10), 1692f, 1692f(1), 1692g, and 1692g(a)(1).

32. In violating the aforementioned provisions of the FDCPA, Plaintiffs have suffered out-of-pocket expenses as a result and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

33. As a result of Defendant's conduct, Plaintiffs are entitled to recover damages for their anguish in an amount to be determined at trial.

## TRIAL BY JURY

34. Plaintiffs are entitled to and hereby requests a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the Defendant for:

a. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k against Defendant;
b. for an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k against Defendant;
c. for Plaintiffs to be awarded costs of litigation and attorneys' fees against Defendant, under each of the allegations herein; and
d. for such other and further relief as may be just and proper.

Dated this 31st day of January 2001.

**CONSUMER JUSTICE CENTER, P.A.**

By: ______________________

Thomas J. Lyons, Jr.
Attorney for Plaintiff
Attorney I.D. #: 249646
1560 Beam Avenue, Suite A
Maplewood, Minnesota 55109-1171
Telephone: (651) 770-9707

**THE BARRY LAW OFFICE, LTD.**
Peter F. Barry
Attorney for Plaintiff
Attorney I.D. #: 0266577
1560 Beam Avenue, Suite A
Maplewood, Minnesota 55109
Telephone: (651) 714-8800

602 North 129th Street
P.O. Box 540100
Omaha, Nebraska 68154
FORWARDING SERVICE REQUESTED

INTERNATIONAL ICS CHECK SERVICES INC.

612-884-1319
800-946-1002

Control #: 641136
KATHRYN M ARMSTRONG
DAVID M ARMSTRONG
618 E 36TH ST
MINNEAPOLIS MN 55407

July 13, 2000

Dear KATHRYN M ARMSTRONG and DAVID M ARMSTRO:

Your check, identified below, has been dishonored by your bank and has been placed with us for collection. Our member merchant requests that you honor this item through payment of the total amount due. Payment may be made by mailing a check or money order to our office at the address below.

We request that you give this matter your prompt attention. To protect you from possible misuse of your checks and to protect our merchants from receipt of checks which might be returned, we will maintain your name and account number in our check verification database until this is resolved.

In accordance with federal law, you are hereby notified by International Check Services, Inc. ("ICS") that:

- Unless, within thirty days after your receipt of this initial notice, you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by ICS.
- If you notify ICS in writing within the thirty-day period that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment and a copy of such verification will be mailed to you by ICS. Please notify us at the address below.
- Upon written request within the thirty-day period, ICS will provide you with the name and address of the original creditor, if different from the current creditor.

<u>If this matter remains unresolved after 30 days, then a minimum $100.00 civil penalty may be added to the total amount due pursuant to Minnesota Statute sections 332.50 and 609.535. (See reverse side of this notice for a text of that statute.)</u> This is an attempt to collect a debt; any information obtained will be used for ~~that purpose. International Check Services, Inc. is a debt collector.~~

See Important Information on Back Side

---

612-884-1319

Mail payment to: INTERNATIONAL CHECK SERVICES, INC.
P.O. Box 540339
Omaha, NE 68154-0339

Control #: 641136
Letter #: 131
KATHRYN M ARMSTRONG
DAVID M ARMSTRONG
618 E 36TH ST
MINNEAPOLIS MN 55407

Date of Check: 06/23/00
Check Number: 5090
Merchant: Cub Foods Lake St
Reason Returned: Stop Payment
Check Amount: $135.54
Service Charge: $0.00
Total Amount Due: $135.54

EXHIBIT
tabbies
1

### NOTICE PURSUANT TO MINNESOTA STATUTES SECTION 487-30 (Subd.4)

The payee or holder of the check may commence a conciliation court action in the county where the dishonored check was issued to recover the amount of the check.

### ISSUANCE OF WORTHLESS OR DISHONORED CHECKS PURSUANT TO MINNESOTA STATUTES SECTION 332.50 AND 609.535
### SECTION 332.50 (Subd.2):

Whoever issues any check that is dishonored and is not paid within 30 days is liable to the holder for the amount of the check plus a civil penalty of up to $100.00 or 100% of the value of the check, whichever is greater, and interest at the rate payable on judgments pursuant to section 549.09 on the face amount of the check from the date of dishonor.

### SECTION 609.535 (Subd.2a):

(a) A person who is convicted of issuing a dishonored check under subdivision 2 may be sentenced as follows:

(1) to imprisonment for not more than one year or to payment of a fine of not more than $3,000.00 or both, if the value of the dishonored check is more that $250.00; or
(2) to imprisonment for not more than 90 days or to payment of a fine of not more than $700.00, or both, if the value of the dishonored check is not more than $250.00.

(b) In a prosecution under this subdivision, the values of dishonored checks issued by the defendant in violation of this subdivision within any six-month period may be aggregated and the defendant charged accordingly in applying this section.

### NOTICE PURSUANT TO Section 609.535:

If the check is not paid in full within five business days after the mailing of this notice, the financial institution is authorized to release information relating to the account of which the check was written on to the holder of the check and may also release this information to law enforcement or prosecuting authorities.

**We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law.**

Notice to residents of Maine: Our office is open 8 AM to 11 PM Monday through Friday.

Notice to residents of Massachusetts: International Check Services, Inc. Massachusetts office located at 200 Great Road, Suite 216, Bedford, 01730. Business Hours Monday through Friday 9AM to 5PM. Call us 8AM to 11PM. Please direct payments and correspondence to our Texas address.

Notice to residents of Minnesota: International Check Services, Inc. is licensed by the Minnesota Department of Commerce.

Notice to residents of North Carolina: North Carolina Department of Insurance Permit #2088.

Notice to residents of Tennessee: International Check Services, Inc. is licensed by the Collection Service Board, State Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, TN 37243.

Notice to residents of Colorado: International Check Services, Inc. is licensed by the Colorado Collection Agency Board in the Department of law, located at 1525 Sherman Street, 5th Floor, Denver, CO 80203. Please do not send payment to the Board or this address.

Colorado residents: If you notify International Check Services, Inc. in writing that (a) you refuse to pay this debt or (b) that you wish us to cease communication with you, we shall not communicate further to you except (A) to advise you that we may invoke our further collection remedies; or (B) to advise you that further efforts are being terminated. If you notify International Check Services, Inc. in writing to cease contact by telephone with you at your place of employment, no further contact by telephone shall be made.

602 North 129th Street
P.O. Box 540100
Omaha, Nebraska 68154
FORWARDING SERVICE REQUESTED

INTERNATIONAL
ICS
CHECK SERVICES INC.
612-884-1319
800-946-1002

Control #: 662774
KATHRYN M ARMSTRONG
DAVID M ARMSTRONG
618 E 36TH ST
MINNEAPOLIS MN 55407

July 20, 2000

"Janelle"

Dear KATHRYN M ARMSTRONG and DAVID M ARMSTRO:

Your check, identified below, has been dishonored by your bank and has been placed with us for collection. Our member merchant requests that you honor this item through payment of the total amount due. Payment may be made by mailing a check or money order to our office at the address below.

We request that you give this matter your prompt attention. To protect you from possible misuse of your checks and to protect our merchants from receipt of checks which might be returned, we will maintain your name and account number in our check verification database until this is resolved.

In accordance with federal law, you are hereby notified by International Check Services, Inc. ("ICS") that:

- Unless, within thirty days after your receipt of this initial notice, you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by ICS.
- If you notify ICS in writing within the thirty-day period that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment and a copy of such verification will be mailed to you by ICS. Please notify us at the address below.
- Upon written request within the thirty-day period, ICS will provide you with the name and address of the original creditor, if different from the current creditor.

If this matter remains unresolved after 30 days, then a minimum $100.00 civil penalty may be added to the total amount due pursuant to Minnesota Statute sections 332.50 and 609.535. (See reverse side of this notice for a text of that statute.) This is an attempt to collect a debt; any information obtained will be used for that purpose. International Check Services, Inc. is a debt collector.

See Important Information on Back Side

---

612-884-1319

Mail payment to: INTERNATIONAL CHECK SERVICES, INC.
P.O. Box 540339
Omaha, NE 68154-0339

Control #: 662774
Letter #: 131
KATHRYN M ARMSTRONG
DAVID M ARMSTRONG
618 E 36TH ST
MINNEAPOLIS MN 55407

Date of Check: 07/08/00
Check Number: 005107
Merchant: Rainbow Foods #44/Mnpls
Reason Returned: Insufficient Funds
Check Amount: $70.53
Service Charge: $20.00
Total Amount Due: $90.53

EXHIBIT
2

**NOTICE PURSUANT TO MINNESOTA STATUTES SECTION 487-30 (Subd.4)**

The payee or holder of the check may commence a conciliation court action in the county where the dishonored check was issued to recover the amount of the check.

**ISSUANCE OF WORTHLESS OR DISHONORED CHECKS PURSUANT TO MINNESOTA STATUTES SECTION 332.50 AND 609.535**
**SECTION 332.50 (Subd.2):**

Whoever issues any check that is dishonored and is not paid within 30 days is liable to the holder for the amount of the check plus a civil penalty of up to $100.00 or 100% of the value of the check, whichever is greater, and interest at the rate payable on judgments pursuant to section 549.09 on the face amount of the check from the date of dishonor.

**SECTION 609.535 (Subd.2a):**

(a) A person who is convicted of issuing a dishonored check under subdivision 2 may be sentenced as follows:

(1) to imprisonment for not more than one year or to payment of a fine of not more than $3,000.00 or both, if the value of the dishonored check is more that $250.00; or
(2) to imprisonment for not more than 90 days or to payment of a fine of not more than $700.00, or both, if the value of the dishonored check is not more than $250.00.

(b) In a prosecution under this subdivision, the values of dishonored checks issued by the defendant in violation of this subdivision within any six-month period may be aggregated and the defendant charged accordingly in applying this section.

**NOTICE PURSUANT TO Section 609.535:**

If the check is not paid in full within five business days after the mailing of this notice, the financial institution is authorized to release information relating to the account of which the check was written on to the holder of the check and may also release this information to law enforcement or prosecuting authorities.

**We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law.**

Notice to residents of <u>Maine</u>: Our office is open 8 AM to 11 PM Monday through Friday.

Notice to residents of <u>Massachusetts</u>: International Check Services, Inc. Massachusetts office located at 200 Great Road, Suite 216, Bedford, 01730. Business Hours Monday through Friday 9AM to 5PM. Call us 8AM to 11PM. Please direct payments and correspondence to our Texas address.

Notice to residents of <u>Minnesota</u>: International Check Services, Inc. is licensed by the Minnesota Department of Commerce.

Notice to residents of <u>North Carolina</u>: North Carolina Department of Insurance Permit #2088.

Notice to residents of <u>Tennessee</u>: International Check Services, Inc. is licensed by the Collection Service Board, State Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, TN 37243.

Notice to residents of <u>Colorado</u>: International Check Services, Inc. is licensed by the Colorado Collection Agency Board in the Department of law, located at 1525 Sherman Street, 5th Floor, Denver, CO 80203. Please do not send payment to the Board or this address.

<u>Colorado residents</u>: If you notify International Check Services, Inc. in writing that (a) you refuse to pay this debt or (b) that you wish us to cease communication with you, we shall not communicate further to you except (A) to advise you that we may invoke our further collection remedies; or (B) to advise you that further efforts are being terminated. If you notify International Check Services, Inc. in writing to cease contact by telephone with you at your place of employment, no further contact by telephone shall be made.

602 North 129th Street
P.O. Box 540100
Omaha, Nebraska 68154
FORWARDING SERVICE REQUESTED

INTERNATIONAL ICS CHECK SERVICES INC.

612-884-1319
800-946-1002

July 25, 2000

Control #: 664488
KATHRYN M ARMSTRONG
DAVID M ARMSTRONG
618 E 36TH ST
MINNEAPOLIS MN 55407

Dear KATHRYN M ARMSTRONG and DAVID M ARMSTRO:

Your check, identified below, has been dishonored by your bank and has been placed with us for collection. Our member merchant requests that you honor this item through payment of the total amount due. Payment may be made by mailing a check or money order to our office at the address below.

We request that you give this matter your prompt attention. To protect you from possible misuse of your checks and to protect our merchants from receipt of checks which might be returned, we will maintain your name and account number in our check verification database until this is resolved.

In accordance with federal law, you are hereby notified by International Check Services, Inc. ("ICS") that:

- Unless, within thirty days after your receipt of this initial notice, you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by ICS.
- If you notify ICS in writing within the thirty-day period that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment and a copy of such verification will be mailed to you by ICS. Please notify us at the address below.
- Upon written request within the thirty-day period, ICS will provide you with the name and address of the original creditor, if different from the current creditor.

<u>If this matter remains unresolved after 30 days, then a minimum $100.00 civil penalty may be added to the total amount due pursuant to Minnesota Statute sections 332.50 and 609.535. (See reverse side of this notice for a text of that statute.)</u> This is an attempt to collect a debt; any information obtained will be used for that purpose. International Check Services, Inc. is a debt collector.

See Important Information on Back Side

---

612-884-1319

Mail payment to: INTERNATIONAL CHECK SERVICES, INC.
P.O. Box 540339
Omaha, NE 68154-0339

Control #: 664488
Letter #: 131
KATHRYN M ARMSTRONG
DAVID M ARMSTRONG
618 E 36TH ST
MINNEAPOLIS MN 55407

Date of Check: 07/11/00
Check Number: 005110
Merchant: Rainbow Foods #44/Mnpls
Reason Returned: Insufficient Funds
Check Amount: $211.74
Service Charge: $20.00
Total Amount Due: $231.74

EXHIBIT
tabbies
3

**NOTICE PURSUANT TO MINNESOTA STATUTES SECTION 487-30 (Subd.4)**

The payee or holder of the check may commence a conciliation court action in the county where the dishonored check was issued to recover the amount of the check.

**ISSUANCE OF WORTHLESS OR DISHONORED CHECKS PURSUANT TO MINNESOTA STATUTES SECTION 332.50 AND 609.535**
**SECTION 332.50 (Subd.2):**

Whoever issues any check that is dishonored and is not paid within 30 days is liable to the holder for the amount of the check plus a civil penalty of up to $100.00 or 100% of the value of the check, whichever is greater, and interest at the rate payable on judgments pursuant to section 549.09 on the face amount of the check from the date of dishonor.

**SECTION 609.535 (Subd.2a):**

(a) A person who is convicted of issuing a dishonored check under subdivision 2 may be sentenced as follows:

(1) to imprisonment for not more than one year or to payment of a fine of not more than $3,000.00 or both, if the value of the dishonored check is more that $250.00; or
(2) to imprisonment for not more than 90 days or to payment of a fine of not more than $700.00, or both, if the value of the dishonored check is not more than $250.00.

(b) In a prosecution under this subdivision, the values of dishonored checks issued by the defendant in violation of this subdivision within any six-month period may be aggregated and the defendant charged accordingly in applying this section.

**NOTICE PURSUANT TO Section 609.535:**

If the check is not paid in full within five business days after the mailing of this notice, the financial institution is authorized to release information relating to the account of which the check was written on to the holder of the check and may also release this information to law enforcement or prosecuting authorities.

**We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law.**

Notice to residents of Maine: Our office is open 8 AM to 11 PM Monday through Friday.

Notice to residents of Massachusetts: International Check Services, Inc. Massachusetts office located at 200 Great Road, Suite 216, Bedford, 01730. Business Hours Monday through Friday 9AM to 5PM. Call us 8AM to 11PM. Please direct payments and correspondence to our Texas address.

Notice to residents of Minnesota: International Check Services, Inc. is licensed by the Minnesota Department of Commerce.

Notice to residents of North Carolina: North Carolina Department of Insurance Permit #2088.

Notice to residents of Tennessee: International Check Services, Inc. is licensed by the Collection Service Board, State Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, TN 37243.

Notice to residents of Colorado: International Check Services, Inc. is licensed by the Colorado Collection Agency Board in the Department of law, located at 1525 Sherman Street, 5th Floor, Denver, CO 80203. Please do not send payment to the Board or this address.

Colorado residents: If you notify International Check Services, Inc. in writing that (a) you refuse to pay this debt or (b) that you wish us to cease communication with you, we shall not communicate further to you except (A) to advise you that we may invoke our further collection remedies; or (B) to advise you that further efforts are being terminated. If you notify International Check Services, Inc. in writing to cease contact by telephone with you at your place of employment, no further contact by telephone shall be made.

602 North 129th Street
P.O. Box 540100
Omaha, Nebraska 68154
FORWARDING SERVICE REQUESTED

INTERNATIONAL ICS CHECK SERVICES INC.
612-884-1319
800-946-1002

July 25, 2000

Control #: 664411
KATHRYN M ARMSTRONG
DAVID M ARMSTRONG
618 E 36TH ST
MINNEAPOLIS MN 55407

Dear KATHRYN M ARMSTRONG and DAVID M ARMSTRO:

Your check, identified below, has been dishonored by your bank and has been placed with us for collection. Our member merchant requests that you honor this item through payment of the total amount due. Payment may be made by mailing a check or money order to our office at the address below.

We request that you give this matter your prompt attention. To protect you from possible misuse of your checks and to protect our merchants from receipt of checks which might be returned, we will maintain your name and account number in our check verification database until this is resolved.

In accordance with federal law, you are hereby notified by International Check Services, Inc. ("ICS") that:

- Unless, within thirty days after your receipt of this initial notice, you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by ICS.
- If you notify ICS in writing within the thirty-day period that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment and a copy of such verification will be mailed to you by ICS. Please notify us at the address below.
- Upon written request within the thirty-day period, ICS will provide you with the name and address of the original creditor, if different from the current creditor.

If this matter remains unresolved after 30 days, then a minimum $100.00 civil penalty may be added to the total amount due pursuant to Minnesota Statute sections 332.50 and 609.535. (See reverse side of this notice for a text of that statute.) This is an attempt to collect a debt; any information obtained will be used for that purpose. International Check Services, Inc. is a debt collector.

See Important Information on Back Side

---

612-884-1319

Mail payment to: INTERNATIONAL CHECK SERVICES, INC.
P.O. Box 540339
Omaha, NE 68154-0339

Control #: 664411
Letter #: 131
KATHRYN M ARMSTRONG
DAVID M ARMSTRONG
618 E 36TH ST
MINNEAPOLIS MN 55407

| | |
|---|---|
| Date of Check: | 07/11/00 |
| Check Number: | 005111 |
| Merchant: | Zipps Liquor Inc |
| Reason Returned: | Insufficient Funds |
| Check Amount: | $41.00 |
| Service Charge: | $20.00 |
| Total Amount Due: | $61.00 |

EXHIBIT
tabbies
4

## NOTICE PURSUANT TO MINNESOTA STATUTES SECTION 487-30 (Subd.4)

The payee or holder of the check may commence a conciliation court action in the county where the dishonored check was issued to recover the amount of the check.

## ISSUANCE OF WORTHLESS OR DISHONORED CHECKS PURSUANT TO MINNESOTA STATUTES SECTION 332.50 AND 609.535 SECTION 332.50 (Subd.2):

Whoever issues any check that is dishonored and is not paid within 30 days is liable to the holder for the amount of the check plus a civil penalty of up to $100.00 or 100% of the value of the check, whichever is greater, and interest at the rate payable on judgments pursuant to section 549.09 on the face amount of the check from the date of dishonor.

## SECTION 609.535 (Subd.2a):

(a) A person who is convicted of issuing a dishonored check under subdivision 2 may be sentenced as follows:

(1) to imprisonment for not more than one year or to payment of a fine of not more than $3,000.00 or both, if the value of the dishonored check is more that $250.00; or
(2) to imprisonment for not more than 90 days or to payment of a fine of not more than $700.00, or both, if the value of the dishonored check is not more than $250.00.

(b) In a prosecution under this subdivision, the values of dishonored checks issued by the defendant in violation of this subdivision within any six-month period may be aggregated and the defendant charged accordingly in applying this section.

## NOTICE PURSUANT TO Section 609.535:

If the check is not paid in full within five business days after the mailing of this notice, the financial institution is authorized to release information relating to the account of which the check was written on to the holder of the check and may also release this information to law enforcement or prosecuting authorities.

**We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law.**

Notice to residents of Maine: Our office is open 8 AM to 11 PM Monday through Friday.

Notice to residents of Massachusetts: International Check Services, Inc. Massachusetts office located at 200 Great Road, Suite 216, Bedford, 01730. Business Hours Monday through Friday 9AM to 5PM. Call us 8AM to 11PM. Please direct payments and correspondence to our Texas address.

Notice to residents of Minnesota: International Check Services, Inc. is licensed by the Minnesota Department of Commerce.

Notice to residents of North Carolina: North Carolina Department of Insurance Permit #2088.

Notice to residents of Tennessee: International Check Services, Inc. is licensed by the Collection Service Board, State Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, TN 37243.

Notice to residents of Colorado: International Check Services, Inc. is licensed by the Colorado Collection Agency Board in the Department of law, located at 1525 Sherman Street, 5th Floor, Denver, CO 80203. Please do not send payment to the Board or this address.

Colorado residents: If you notify International Check Services, Inc. in writing that (a) you refuse to pay this debt or (b) that you wish us to cease communication with you, we shall not communicate further to you except (A) to advise you that we may invoke our further collection remedies; or (B) to advise you that further efforts are being terminated. If you notify International Check Services, Inc. in writing to cease contact by telephone with you at your place of employment, no further contact by telephone shall be made.